UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARRANZA J. GUIDRY, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-47-RLB** |
| **CAROLYN COLVIN, ACTING COMMISSION OF SOCIAL SECURITY ADMINISTRATION** | |

**RULING GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant's Motion for Summary Judgment (R. Doc. 11), filed on June 8, 2016.[1] Plaintiff filed a Memorandum in Opposition in response to Defendant's Motion. (R. Doc. 15). On June 29, 2016, and in accordance with the Court's Scheduling Order (R. Doc. 12), Defendant filed a Reply Memorandum. (R. Doc. 19).

Based on the parties' arguments, the documents found in the record and the applicable law, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's cause of action is **DISMISSED with prejudice**.

I.  **BACKGROUND**

Plaintiff originally filed applications for Title II disability insurance benefits on July 23, 2002 and October 4, 2005. (R. Doc. 11-1 at 1); (R. Doc. 16 at 1). After a complicated procedural history, including multiple applications, and administrative and judicial remands, an Administrative Law Judge (ALJ) issued a final decision on September 21, 2015, following a

---

[1] The parties have consented to have a United States Magistrate Judge conduct any and all proceedings in this case in accordance with 28 U.S.C. § 636(c). (R. Doc. 7).

judicial remand by this Court. (Notice of Decision — Unfavorable, R. Doc. 11-3 at 5-7); (R. Doc. 11-1 at 1); (R. Doc. 16 at 1).  That decision is the subject of this civil action.

The September 21, 2015 Notice of Decision — Unfavorable enclosed a copy of the ALJ's decision and outlined the regulatory process for seeking administrative or judicial review of that decision. (R. Doc. 11-3 at 5).  If Plaintiff disagreed with the ALJ's decision, he could, but was not required to, seek administrative review by submitting "written exceptions" to the Appeals Council within 30 days of receiving the Notice.  The Notice further explained that the Appeals Council would assume, for purposes of filing written exceptions, that the Notice was received within 5 days of September 21, 2015 — the day it was issued. (R. Doc. 11-3 at 5).  Even if Plaintiff did not file written exceptions, the Notice also explained that the Appeals Council may nonetheless assume jurisdiction and choose to review the decision on its own, "within 60 days of the date of [the] [N]otice." (R. Doc. 11-3 at 6).

Relevant here, the Notice of Decision then outlined the regulatory process for seeking judicial review in the event Plaintiff did not file exceptions and the Appeals Council did not assume jurisdiction:

> If you do not file written exceptions and the Appeals Council does not review [the ALJ's] decision on its own, [the ALJ's] decision will become final on the 61st day following the date of this notice. After [the ALJ's] decision becomes final, you will have 60 days to file a new civil action in Federal district court. You will lose the right to a court review if you do not file a civil action during the 60-day period starting with the day [the] decision becomes final. . . . We will not send you any more notices about your right to file in Federal district court. . . . If you think [the ALJ's] decision is wrong, you should . . . file a new civil action between the 61st and 121st days after the date of this notice.

(Notice of Decision — Unfavorable, R. Doc. 11-3 at 6-7).

Plaintiff did not file written exceptions and the Appeals Council did not assume jurisdiction on its own.  Instead, Plaintiff sought judicial review by initiating this civil action in

federal court on January 22, 2016. (R. Doc. 1). Following service, Defendant filed the instant Motion for Summary Judgment, claiming Plaintiff suit was untimely filed.

## II. LEGAL STANDARD

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. When a motion for summary judgment is properly made and supported under Rule 56(c), the opposing party may not rest on the mere allegations of their pleadings, but rather must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(c)(1).

## III. DISCUSSION

In its Motion, Defendant argues that Plaintiff's "action was not commenced within the period of limitation" established under the Act and "is therefore not reviewable." (R. Doc. 11 at 1). According to Defendant, because Plaintiff did not file exceptions and the Appeals Council did not assume jurisdiction, the ALJ's decision became final "for purposes of judicial review on the 61st day after it was issued, November 21, 2015. Plaintiff thus had 60 days from November 21, 2015, or until January 20, 2016, to seek judicial review." (R. Doc. 11-2 at 2). As such, Plaintiff untimely filed his Complaint on January 22, 2016. (R. Doc. 11-2 at 2).

Plaintiff disagrees, suggesting summary judgment is inappropriate as the "[m]aterial facts of this case are in dispute," which "include whether or not the five (5) day [mailing] period applies." (R. Doc. 15 at 3). According to Plaintiff, his Complaint was timely filed as the 5-day mailing rule "is specifically allowed in all social security cases," including this one. He goes on to suggest "[t]here is nothing alerting the social security applicant that normal counting of the . . .

five (5) day limit is inapplicable for the time limit for judicial review." (R. Doc. 15 at 2). Plaintiff, however, is mistaken.

### A. Summary Judgment is Appropriate

Summary judgment is appropriate as the material facts of this case are not in dispute, despite Plaintiff's suggestion. The parties do not contest and the record makes clear that: (1) the ALJ issued a decision on Plaintiff's application following a judicial remand; (2) the ALJ's Notice of Decision was dated September 21, 2015; (3) Plaintiff received that Notice; (4) Plaintiff did not file exceptions with the Appeals Council; (5) the Appeal Council did not assume jurisdiction of Plaintiff's claim; and (6) Plaintiff filed this cause of action on January 22, 2016. (Complaint, R. Doc. 1); (Notice of Decision — Unfavorable, R. Doc. 11-3 at 5-7); (Def.'s Statement of Uncontested Facts, R. Doc. 11-1); (Pl.'s Resp. to Def.'s Statement, R. Doc. 16).

The conflict between Plaintiff's understanding of the relevant statute of limitations and Defendant's is not a factual one, as Plaintiff suggests, but a question of law reserved for the Court. And so, because the only dispute concerns the "legal inferences that [can] be drawn from what is an undisputed factual record," this case can be appropriately resolved on summary judgment. *Gould v. Davis*, 165 F.3d 265, 269 (5th Cir. 1998) (summary judgment is appropriate where the only disputes are legal and not factual); *Neff v. American Dairy Queen Corporation*, 58 F.3d 1063, 1065 (5th Cir. 1995) ("[B]ecause the disputed issue in this case is purely legal," it may be "appropriately resolved through summary judgment."); *Gould v. Davis*, 165 F.3d 265, 269 (5th Cir. 1998) (summary judgment is appropriate where there exist legal, rather than factual, disputes).

B.     **The Five-Day Mailing Rule Does Not Apply**

Generally, a claimant may obtain judicial review of a final decision of the Social Security Administration by commencing a civil action "within sixty days after the mailing to him of notice" of the decision or within any additional time the Commissioner allows. 42 U.S.C. § 405(g).

On an initial application for benefits, a dissatisfied claimant must first request review of the ALJ's decision by the Appeals Council (AC) within 60 days of "recei[ving]" the ALJ's decision. 20 C.F.R. § 404.968(a)(1). The claimant is presumed to have received the notice within 5 days of its date. *See Oquendo v. Comm'r of Soc. Sec.*, 98 F. Supp. 2d 507, 509 (S.D.N.Y. 2000) (receipt is presumed within 5 days of date on ALJ's decision). Following that request, the claimant receives a mailed notice of what the Appeals Council has done, even if its only action was to refuse Plaintiff's request for review. If the claimant then wishes to obtain judicial review of this final decsion, he or she must file suit within 60 days of "receiv[ing]" the Appeals Council's notice. 20 C.F.R. § 422.210(c). Again, the Commissioner has adopted the same five-day rule presuming receipt within 5 days of the date of the notice. 20 C.F.R. § 422.210(c).[2]

"But the Commissioner has adopted different procedures for cases that have previously gone to federal court and have been remanded for further proceedings." *Walker-Butler v. Colvin*, 2016 WL 2851319, at *1 (D. Me. May 13, 2016). When an ALJ renders a decision on a judicially remanded application, an unhappy claimant is not required to first seek review before the Appeals Council. *See* 20 C.F.R.§ 404.984(a). Rather, if a claimant does nothing, the ALJ's

---

[2] The regulations elsewhere explain that the use of the term "recei[pt]," when referring to a notice or decision, means "5 days after the date on the notice [or decision]." 20 C.F.R. § 404.901.

decision will automatically become the Commissioner's final decision unless the Appeals Council choses to assume jurisdiction on its own. 20 C.F.R. § 404.984(a). The Appeals Council has 60 days from "the date of the decision" to assume jurisdiction. 20 C.F.R. § 404.984(c). And if it does nothing within those 60 days, the ALJ's decision becomes final by operation of law. In this instance, it is the Appeals Council's inaction that triggers finality (without the need for any additional mailing). A claimant then has sixty days from that date to commence a civil action. In addition to the regulations, the Notice of Decision explicitly outlined these deadlines. (R. Doc. 11-3 at 5-7).

Here, the ALJ issued the Notice of Decision on September 21, 2015. That decision became final on November 21, 2015, the 61st day after its issuance, because Plaintiff did not file exceptions and the Appeals Council did not assume jurisdiction. Plaintiff then had 60 days from November 21, 2015 to seek judicial — until January 20, 2016.

Plaintiff argues that because the ALJ's decision is not presumed to have been received until 5 days after its date (September 21, 2015), "the 60 day[] [period after which it becomes final] is in fact 65 days." Plaintiff, however, relies on the procedures applicable for review of an ALJ's initial hearing decision, 20 C.F.R. § 404.968(a)(1), not an ALJ's decision following judicial remand. Under § 404.968(a)(1), the claimant must seek Appeals Council review of an ALJ's initial hearing decision within 60 days of receiving notice of that decision in order for it to become final for purposes of seeking judicial review.

But the same rule does not apply to remand cases. First, the rules cited by Plaintiff apply to initial claims, which must first be appealed to the Appeals Council before a claimant can seek judicial review. *See* 20 C.F.R. § 404.968(a)(1) (claimant must first seek review of ALJ's decision before AC within 60 days of receipt); 20 C.F.R. § 422.210(c) (within 60 days of receipt of AC's

action, claimant must file suit for judicial review). Here, the Appeals Council played no role in Plaintiff's case on remand — the Appeals Council did not assume jurisdiction and Plaintiff was not *required* to seek its review. 20 C.F.R. § 404.984.

Second, Plaintiff received Notice of the ALJ's decision long before it became final and he "learned of that development without any further mailing, merely by the passing of sixty days without the Appeals Council assuming jurisdiction." *Walker-Butler v. Colvin*, 2016 WL 2851319, at *2 (D. Me. May 13, 2016). Here, because the date of finality is not dependent on receipt of any further mailing, but on the mere passage of time, the 5-day grace period intended to account for mail-time delays is inapplicable.

Other courts considering the issue have reached the same conclusion. *See Walker-Butler v. Colvin*, 2016 WL 2851319, at *1 (D. Me. May 13, 2016) (granting motion to dismiss because in judicially remanded cases where the claimant does not file exceptions and the AC does not assume jurisdiction, "the mailing provision and the 5-day window no longer have a role, since the claimant received the mailed notice of the ALJ's decision at the outset"); *Harris v. Colvin*, 2015 WL 9302910, at *1 (W.D. Wash. Dec. 18, 2015) (dismissing lawsuit filed 3 days late as the 5-day mailing rule does not apply to final decision in judicially remanded case, noting "the date of finality is not dependent on the date of plaintiff's receipt . . . because the 60-day deadline for action is the Administration's, not the plaintiff's"); *Arrington-Andrews v. Comm'r of Soc. Sec.*, 2015 WL 6082424, at *3 (E.D. Mich. Aug. 25, 2015), *report and recommendation adopted*, 2015 WL 6043762 (E.D. Mich. Oct. 15, 2015) (ALJ's decision on judicial remand became final on the 61st day after it was issued where claimant did not timely file exceptions and AC did not assume jurisdiction, 5-day mailing rule did not apply); *Lambert v. Colvin*, 2015 WL 918817, at *5 (W.D. La. March 3, 2015) (ALJ's decision on judicial remand became final on the 61st day

after it was issued where claimant did not timely file exceptions and AC did not assume jurisdiction, 5-day mailing rule did not apply); *Carroll v. Astrue*, 2009 WL 2601315, at *2 & n.6 (D. Del. Aug. 24, 2009) (because ALJ's decision followed a judicial remand, and claimant did not file exceptions and the AC did not assume jurisdiction, "the date of mailing or the date of receipt of the ALJ's August 12, 2008 decision is irrelevant to the determination of whether the instant lawsuit was timely filed").

Plaintiff had the initial option to file exceptions with the AC within 30 days of receipt of Notice of the ALJ's decision.[3]  However, he chose not to do so.  The Appeals Council likewise did not assume jurisdiction of Plaintiff's application.  As such, the ALJ's September 21, 2015 decision became the final decision of the Commissioner on the 61st day after it was issued — on November 21, 2015.  Plaintiff was required to file the instant lawsuit within 60 days of November 21, 2015 — by January 20, 2016.  Plaintiff's lawsuit was therefore untimely filed on January 22, 2016. (R. Doc. 1).

   C. **Equitable Tolling**

To be entitled to equitable tolling, Plaintiff must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).  Plaintiff claims that he is entitled to equitable tolling based on his misinterpretation of the applicable time periods.  However, the regulations make clear that an ALJ's decision following judicial remand will become final within 60 days of issuance, by operation of law, where no exceptions are filed and the Appeals Council does not assume jurisdiction. 20 C.F.R. § 404.984(d).  Beyond that, the ALJ's Notice of Decision

---

[3] The five day rule would apply to this 30 day period to file exceptions with the AC, but has no effect on the 60 day period for the AC to take action following the date of the ALJ decision. *See Lambert v. Colvin*, 2015 WL 918817, at *4 (W.D. La. March 3, 2015) (five day mailing rule does apply to plaintiff's deadline for filing written exceptions); *Arrington-Andrews v. Comm'r of Soc. Sec.*, 2015 WL 6082424, at *3-4 (E.D. Mich. Aug. 25, 2015) (same).

further clarified the applicable timeframe by instructing Plaintiff to file suit within the "61st and 121st days after the date" of the Notice. (R. Doc. 11-3 at 7). The clear language of the regulations and the Notice "belies any claim to legal confusion." *Lawrence*, 549 U.S. at 336 (to allow equitable tolling due to counsel's "mistake in miscalculating the limitations period . . . would essentially equitably toll limitations periods for every person whose attorney missed a deadline"). As such, Plaintiff's misinterpretation of the law does not warrant equitable tolling.[4]

## IV.   CONCLUSION

For the reasons given above, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's cause of action is **DISMISSED with prejudice**.

As a final matter, in his Opposition, Plaintiff "moves for leave to reopen the original file with the Appeals Council to remedy any defects alleged by the defendant," in the event that summary judgment is granted. (R. Doc. 15 at 1). Plaintiff's request is **DENIED**, however, as it lies outside the Court's jurisdiction. Only the Administration can reopen a final decision. *See* 20 C.F.R. 404.987 (claimant may request that SSA reopen final decision or SSA may reopen on its own); 20 C.F.R. § 404.988 (conditions for reopening).

Signed in Baton Rouge, Louisiana, on November 2, 2016.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

---

[4] Plaintiff relies on *Hansen v. Astrue*, 2012 WL 1551887, at *4 (W.D. Penn. April 30, 2012), as support for the application of equitable tolling. In *Hansen*, the court found equitable tolling appropriate where the claimant's attorney attempted to file the complaint through CM/ECF within the deadline, but was unsuccessful due to "an error made by a judicial employee or an electronic malfunction in the Court's ECF system." *Id.* at *4. The circumstances present in *Hansen* are not instructive. Here, Plaintiff's tardiness is the result of legal misinterpretation, which was not justified given the language of the regulations and the Notice of Decision.